WERDEGAR, J., Dissenting.—The
majority opinion, in my view, comports with neither the facts nor the law. Accordingly, I respectfully dissent.
*1035 The minors in this case played with fireworks on the edge of the Angeles National Forest shortly after July 4th, when fireworks were plentiful and the brush was dry. Their reckless conduct would, if committed by adults, have constituted the felony of unlawfully causing a fire. (See Pen. Code, § 452.)[1] Contrary to the majority, however, I conclude the minors’ conduct did not amount to arson. (§ 451.)
A person is guilty of arson when he or she “willfully and maliciously sets fire to . . . forest land . . . .” (§ 451.) “Willfully,” for all practical purposes, means nothing more than that the prohibited act was intentionally done. (See People v. Atkins (2001) 25 Cal.4th 76, 85 [104 Cal.Rptr.2d 738, 18 P.3d 660] (Atkins).) The term “implies simply a purpose or willingness to commit the act ... . It does not require any intent to violate law, or to injure another . . . .” (§ 7, par. 1.) There is no dispute that the minors “willfully”— that is intentionally—lit the firecracker that started the fire. In contrast, the term “maliciously” imports an additional element, namely, “a wish to vex, defraud, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law.” (§ 450, subd. (e).)
The court commissioner who conducted the juvenile hearing in this case expressly found the minors did not intend to set the hillside on fire. He believed the dispositive question was simply whether “the natural and probable consequence or highly probable consequence of lighting a firecracker on a hillside and throwing it some distance away trying to hit a patch of green or a patch of cement” satisfied the statutory definition of arson. (§ 451.) Certainly the minors lit the firecracker “willfully” the act was clearly volitional. But nothing in the record justifies the majority’s conclusion the minors also lit the firecracker “maliciously.” No evidence was introduced to show the minors had “a wish to vex, defraud, annoy, or injure another person, or an intent to do a wrongful act . . . .” (§ 450, subd. (e), italics added.) The only evidence concerning the minors’ purpose in lighting fireworks comes from their statements to police and reflects nothing more than a common youthful enthusiasm for loud noises.[2] Had the minors lit fireworks in violation of an ordinance prohibiting them, their conduct would certainly have been “wrongful,” and thus malicious (§ 450, subd. (e)), but the People do not claim the minors violated any such ordinance.
The majority offers various analytical paths to the conclusion that the minors acted with malice. I find all of them unsupportable. At one point, the *1036 majority seems to presume malice ‘from the deliberate and intentional ignition or act of setting a fire without a legal justification, excuse, or claim of right.” (Maj. opn., ante, at p. 1028, italics added.) This approach has two problems. First, the minors did not intend to set a fire at all, as the commissioner expressly held, let alone maliciously. What they intended was to explode a firecracker. The majority does not argue the minors committed arson by setting fire to the firecracker, as that view of the facts would implicate not the general prohibition of arson (§ 451), but a different provision punishing those who set fire to their own property and thereby cause injury to forest land (§ 451, subd. (d)). Second, the authority the majority offers as support (Atkins, supra, 25 Cal.4th 76, 88-89) for presuming malice under these circumstances provides no support. What we actually stated in Atkins is that “[a]rson’s malice requirement ensures that the act is ‘done with a design to do an intentional wrongful act. . . without any legal justification, excuse or claim of right.’ ” (Id., at p. 88, quoting 5 Am.Jur.2d (1995) Arson and Related Offenses, § 7, p. 786, italics added.) Malice thus requires, in addition to an intentional (i.e., volitional, willful) act, a wrongful one. Or, to quote the relevant California statute, “a wish to vex, defraud, annoy, or injure another person, or an intent to do a wrongful act . . . .” (§ 450, subd. (e).) Today, the majority ignores the requirement of wrongfulness and presumes malice simply from the commission of the volitional act that causes a fire to start, thus eviscerating the statutory requirement of malice.
Later in its opinion, trying another approach, the majority asserts the commissioner found the minors acted with malice. (Maj. opn., ante, at p. 1029.) Had he done so, he would on this record have erred. But in fact, the commissioner made no such finding; like the majority, he presumed malice simply from the lighting and throwing of the firecracker.[3] The record discloses the only aspect of the mental state required for arson to which the commissioner directed his attention was the holding of Atkins, supra, 25 Cal.4th 76, 84, that arson does not require “the specific intent to set fire to or bum or cause to be burned the relevant structure or forest land . . . .” He made no effort to determine whether the minors had acted, in the words of the statute, with “a wish to vex, defraud, annoy, or injure another person, or an intent to do a wrongful act. . . .” (§ 450, subd. (e).)
The commissioner may have proceeded as he did from a misreading of Atkins, supra, 25 Cal.4th 76, where the defendant deliberately ignited a fire in *1037 weeds near the house of a man he had declared he hated, resulting in the burning of an entire canyon. Rejecting the defendant’s argument that arson requires the specific intent to bum the relevant stmcture or forest land, thus allowing a defense of voluntary intoxication, we concluded that “arson requires only a general criminal intent and that the specific intent to set fire to or bum or cause to be burned the relevant stmcture or forest land is not an element of arson.” (Id., at p. 84.) In this context of the defendant’s deliberate setting of fire to weeds, which in turn ignited a canyon, we explained that “there must be a general intent to willfully commit the act of setting on fire under such circumstances that the direct, natural, and highly probable consequences would be the burning of the relevant structure or property.” (Id., at p. 89, italics added.)
Now embracing the commissioner’s misreading of Atkins, supra, 25 Cal.4th 76, the majority describes the italicized language quoted above as “describ[ing] arson’s malice requirement . . . .” (Maj. opn., ante, at p. 1029.) To the contrary, Atkins repeatedly describes the element of malice as requiring something in addition to the intent to commit the volitional act that starts a fire, namely, “ ‘a wish to vex, defraud, annoy, or injure another person, or an intent to do a wrongful act. . . .’ ” (Atkins, at p. 85, quoting § 450, subd. (e); see also Atkins, at p. 88.)[4] This additional element was present in Atkins', it is not present here.
The majority’s effort to demonstrate the evidence in this case would have supported a finding of malice is unconvincing. First, relying on the testimony of one of the two homeowners who reported the fire, the majority states the minors “were yelling, laughing, ‘high-fiving,’ and seemingly having a good time moments after they realized the hillside was on fire.” (Maj. opn., ante, at p. 1031.) What the majority overlooks is that the commissioner did not rely on this testimony, after the parties stipulated and the commissioner acknowledged the witness had mentioned no such behavior when interviewed by police.[5] Instead of relying on disputed circumstantial evidence of the minors’ mental state, the commissioner, as noted, simply presumed malice from the fact they had lit and thrown a firecracker. Second, the majority states that a third minor, who did not want to participate in lighting fireworks, had “feared that someone might get injured” and thus “alerted V.V. and J.H. beforehand to the dangers of playing with firecrackers.” (Maj. opn., ante, at p. 1030.) While J.H. did tell police the third minor feared someone might get hurt, the third minor mentioned injury due to fire only after the fire started, as part of *1038 the minors’ discussion about whether they should turn themselves in to the authorities.[6] Finally, the majority asserts the minors “ran away and did not notify the authorities about the brush fire.” (Maj. opn., ante, at p. 1031.) This statement, too, mischaracterizes the record. The minors, who had no cell phone and no prior involvement with the criminal justice system, ran down the hill and immediately volunteered to the first officer they encountered their role in starting the fire.[7]
In short, I find no substantial evidence in the record to support the finding of malice the arson statute requires but the commissioner failed to make. Nor, absent such evidence, can I agree with the majority that malice may be presumed simply from the doing of a volitional act that is not inherently or necessarily “wrongful” (§ 450, subd. (e)) or done with “a wish to vex, defraud, annoy, or injure another person . . .” (ibid.).
The majority’s determination the minors committed arson is particularly inappropriate in light of section 452, which the Legislature enacted in 1979 specifically to punish reckless behavior that sets fire to forest lands. Under section 452, “[a] person is guilty of unlawfully causing a fire when he recklessly sets fire to or bums or causes to be burned, any stmcture, forest land or property.” The term “recklessly,” in this context, “means a person is aware of and consciously disregards a substantial and unjustifiable risk that his or her act will set fire to, bum, or cause to bum a stmcture, forest land, or property. The risk shall be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.” (§ 450, subd. (f).) The enrolled bill report on the legislation that became section 452 cited carelessness with fireworks as a paradigmatic example of conduct the Legislature intended to reach.[8] (See generally Conservatorship of Whitley (2010) 50 Cal.4th 1206, *1039 1218, fn. 3 [117 Cal.Rptr.3d 342, 241 R3d 840] [enrolled bill reports properly considered as evidence of legislative intent].)
To presume malice from nothing more than the volitional act that causes a fire to start could render every unlawful fire under section 452 also an arson under section 451. The Legislature, which we assume does not perform idle acts or enact superfluous legislation (e.g., Imperial Merchant Services, Inc. v. Hunt (2009) 47 Cal.4th 381, 390 [97 Cal.Rptr.3d 464, 212 P.3d 736]), could not have intended this result. Evidently anxious to avoid any such logical, albeit extreme, extension of its holding, the majority offers hypothetical fire-starting scenarios to demonstrate that not all recklessly started fires will qualify as arson. I find the scenarios either contrived and implausible, as that of “a person who carves open a firecracker to check for gunpowder, next to a lit cigarette” (maj. opn., ante, at p. 1032, fn. 7), or practically indistinguishable from the case before us, as that of “a person who lights a firecracker, but instead of throwing it, fumbles with it, and it falls on dry brush” (ibid.). To attribute special significance to the fact a firecracker is thrown, as the majority does, seems odd, because one does not ordinarily continue to hold a firecracker that is about to explode. Had the minors deliberately thrown the firecracker into dry brush, the throwing might have had special significance. But the commissioner expressly found the minors had not intended to set a fire and expressly based his ruling on the assumption they were “trying to hit a patch of green or a patch of cement.”
In summary, I find the majority’s reasoning and conclusion unsupportable. Accordingly, I dissent.

 All further citations to statutes are to the Penal Code.

 V.V. told police that he and J.H. had lit the firecracker “just to make a lot of noise.” J.H. explained he had gotten the fireworks on “July, 4th of July. And . . . there was a bunch of fireworks in Compton and I just saw some guys, like a [round] of guys throwing some fireworks. Boom! And they were like exploding and it was like wow!”

 The commissioner explained his ruling in these words: “The question to me is whether I believe that the natural and probable consequence or highly probable consequence of lighting a firecracker on a hillside and throwing it some distance away trying to hit a patch of green or a patch of cement. So it does not cause the hill to catch on fire and then the hill catches on fire whether that meets the requirement of the law. And, I guess, I think it does. That’s notwithstanding the fact that I don’t believe the kids had any intention to set the hill on fire; that’s not the issue.”

 “Arson’s malice requirement ensures that the act is ‘done with a design to do an intentional wrongful act . . . without any legal justification, excuse or claim of right.’ [Citation.]” (Atkins, supra, 25 Cal.4th 76, 88.)

 Similarly, although the majority asserts the minors “were not surprised or upset that the firecracker exploded in dry brush and caused a fire” (maj. opn., ante, at p. 1031), the minors actually stated they were “scared” (V.V.) and “terrified” (J.H.).

 J.H. told police: “After that we were like, ‘Dude, we should just give ourselves in cause we did it.’ He’s like, and someone might get hurt. We were like damn, we started a fire.” (Italics added.)

 J.H.: “And when we got down there, we were like, ‘Dude, we, we should just . . .’ like ’cause like even if . . . like we knew the cops were coming and we, like, we didn’t even ran, like we ran at first and then we were like, ‘Dude, naw. We’re gonna stop and we’re gonna give ourselves in.’ And then like when the cops came, we were just like stop them and were like ok yeah we did it. It was us. He didn’t even ask us anything. We were like, ‘we started the fire, it was us.’ ”
At the juvenile court hearing, the People did not call as a witness the police sergeant who first encountered and spoke with the minors after the fire started. The later arriving officer who did testify acknowledged he did not know what the minors and the sergeant had said to one another.

 “For example, though unintended, a fire which results from gross carelessness would qualify (such as playing with matches or fireworks or unattended campfires).” (Health & Welf. Agency, Enrolled Bill Rep. on Sen. Bill No. 116 (1979-1980 Reg. Sess.) June 2, 1979, p. 1.)